{¶ 30} Because many of the issues raised by the Appellee/Cross-Appellants have already been decided by this Court, I concur in the judgment only out of respect for the doctrine of staredecisis. In addition, I agree that the Appellees/Cross-Appellants lack standing with respect to the residency restrictions, right to court-appointed counsel, and alleged contract clause violations.
 {¶ 31} In State v. Cook (1998), 83 Ohio St.3d 404, the Supreme Court of Ohio considered a challenge to HB 180, enacted in 1996. InCook, the court determined that the registration provisions of HB 180 served a remedial purpose of protecting the community and, hence, did not violate the ban on retroactive laws. However, since Cook, R.C. Chapter 2950 has been amended on three separate occasions such that the most recent enactment, S.B. 10, is *Page 14 
significantly more restrictive and punitive in effect than its prior versions. Thus, I believe that "R.C. Chapter 2950 has been transformed from remedial to punitive * * * ." State v Ferguson, 120 Ohio St.3d 7,2008-Ohio-4824, at ¶ 45 (Lanzinger, J., dissenting). In light of the continuing evolution of R.C. Chapter 2950, the reasoning of Justice Lanzinger in Ferguson concerning the retroactive application of the statute is even more compelling. Thus, were I writing without necessity of giving due regard to precedent, I would hold that S.B. 10, when applied retroactively, violates the Ex Post Facto Clause of the United States Constitution. *Page 1